UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

BENJAMIN B. KAMINECKI )
　)
　　Plaintiff, )
　)
v. ) CASE NO. 9:13-cv-80614-KLR
　)
FOCUS RECEIVABLES )
MANAGEMENT, LLC )
　)
　　Defendant. )
　)

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, FOCUS RECEIVABLES MANAGEMENT, LLC ("Defendant"), by and through undersigned counsel, answer and assert affirmative defenses to the allegations in the Plaintiff's Complaint, and state:

## ANSWER

## COMPLAINT
## JURY DEMAND

1.　Defendant is without sufficient knowledge to admit or deny the allegations contained within Paragraph 1 of the Plaintiff's Complaint, and therefore denies the allegations.

## JURISDICTION AND VENUE

2.　Defendant admits the allegations contained within Paragraph 2 of the Plaintiff's Complaint for jurisdictional purposes; otherwise the allegations are denied.

## PARTIES

3.　Defendant admits the allegations contained within Paragraph 3 of the Plaintiff's Complaint for jurisdictional purposes; otherwise the allegations are denied.

4.     Defendant denies the allegations contained within Paragraph 4 of the Plaintiff's Complaint.

5.     Defendant admits the allegations contained within Paragraph 5 of the Plaintiff's Complaint.

6.     Defendant admits the allegations contained within Paragraph 6 of the Plaintiff's Complaint.

7.     The referenced statute speaks for itself and no further response is required. To the extent further response is required, Defendant admits the allegations in Paragraph 7 of Plaintiff's Complaint.

8.     Defendant admits the allegations contained within Paragraph 8 of the Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

9.     Defendant is without sufficient knowledge to admit or deny the allegations contained within Paragraph 9 of the Plaintiff's Complaint, and therefore denies the allegations.

10.    Defendant is without sufficient knowledge to admit or deny the allegations contained within Paragraph 10 of the Plaintiff's Complaint, and therefore denies the allegations.

11.    Defendant is without sufficient knowledge to admit or deny the allegations contained within Paragraph 11 of the Plaintiff's Complaint, and therefore denies the allegations.

12.    The referenced statute speaks for itself and no further response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13.    Defendant denies the allegations contained within Paragraph 13 of the Plaintiff's Complaint.

14. Defendant is without sufficient knowledge to admit or deny the allegations contained within Paragraph 14 of the Plaintiff's Complaint, and therefore denies the allegations.

15. The referenced statute speaks for itself and no further response is required. To the extent further response is required, Defendant admits the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained within Paragraph 16 of the Plaintiff's Complaint.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

17. Defendant reasserts its answers to the allegations contained within Paragraphs 1 through 16 of Plaintiff's Complaint.

18. Defendant denies the allegations contained within Paragraph 18 of the Plaintiff's Complaint.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

19. Defendant reasserts its answers to the allegations contained within Paragraphs 1 through 16 of Plaintiff's Complaint.

20. Defendant denies the allegations contained within Paragraph 18 of the Plaintiff's Complaint.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

21. Defendant reasserts its answers to the allegations contained within Paragraphs 1 through 16 of Plaintiff's Complaint.

22. Defendant denies the allegations contained within Paragraph 18 of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that any violation under the Fair Debt Collection Practices Act was not intentional and instead resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c).

### SECOND AFFIRMATIVE DEFENSE

To the extent that evidence proves Plaintiff has failed to mitigate his damages, any recovery should be reduced accordingly.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims, in whole or in part, are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims, in whole or in part, are barred by the statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff consented to receive telephone calls on his cellular telephone.

**WHEREFORE,** Defendant prays that this answer and defenses be deemed good and sufficient and that after due proceedings are had, there be judgment in its favor and against the plaintiff, dismissing this matter at plaintiff's cost and awarding Defendant such general and equitable relief as the nature of the case may permit.

Dated:  July 15, 2013 		Respectfully submitted,

/s/ Phillip S. Howell
Phillip S. Howell, Esq.
FBN: 0377030
phowell@gjtbs.com
Autumn P. George, Esq.
FBN: 0078189
ageorge@gjtbs.com
Galloway, Johnson, Tompkins, Burr & Smith, PLC
620 East Twiggs St., Ste. 303
Tampa, Florida  33602
Tel:  813-977-1200
Fax:  813-977-1288
Attorneys for Defendant Focus Receivables Management, LLC

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served by electronic filing (unless noted otherwise) on July 15, 2013 on all counsel or parties of record on the Service List below.

/s/ Phillip S. Howell
Signature of Filer

### SERVICE LIST

Donald A. Yarbrough, Esq.
FBN: 0158658
don@donyarbrough.com
Post Office Box 11842
Ft. Lauderdale, FL 33339
Tel: 954-537-2000
Fax: 954-566-2235
Attorney for Plaintiff